**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| KESHIA BROWN, | CIVIL ACTION NO. 08-6314 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| COMMISSIONER OF SOCIAL SECURITY, |  |
| Defendant. |  |

**COOPER, District Judge**

The plaintiff, Keshia Brown, applies for judicial review of the final decision of the defendant, Commissioner of Social Security Administration ("Commissioner"), denying her claims for Supplemental Security Income ("SSI") payments. (Dkt. entry no. 1, Compl.) The Court has jurisdiction pursuant to 42 U.S.C. § ("Section") 405(g). The Court, for the reasons stated herein, will remand this matter to the Commissioner for further proceedings.

## BACKGROUND

The plaintiff filed a claim for SSI on July 13, 2005, alleging that she became unable to work beginning on April 2, 2004. (Administrative Record ("A.R.") at 17.) The Commissioner denied the claim on October 13, 2005. (Id. at 30-34.) The plaintiff sought reconsideration of the denial of SSI, which the Commissioner denied on May 15, 2006. (Id. at 37-40.) On June 14,

2006, the plaintiff filed a timely request for a hearing before an administrative law judge.  (Id. at 41.)

An Administrative Law Judge ("ALJ") conducted a hearing on March 10, 2008, in which the plaintiff was represented by counsel.  (Id. at 17.)  At the hearing, the plaintiff amended her disability onset date to December 7, 2005.  (Id. at 17, 702.)

The ALJ issued a decision on April 15, 2008, finding, inter alia, that the plaintiff (1) "has not engaged in substantial gainful activity ('SGA') since July 13, 2005, the application date (20 CFR 416.920(b) and 416.971 et seq.)", (2) "has the following severe impairments:  an affective disorder, a history of sarcoidosis, left knee pain, and substance abuse (in remission)(20 CFR 416.920(c))", (3) "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)", and (4) "has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b); however, she is limited to jobs:

> that require occasional climbing of ladders, ropes, or scaffolds and only occasional climbing of a ramp or stairs; that require only occasional balancing, stooping, kneeling, crouching and no crawling; that do not involve exposure to temperature extremes, wetness, humidity, excessive noise and/or vibration; that do not involve exposure to undue amounts of dust or known chemical irritants; that are simple and unskilled, involving one or two steps; that are low stress (that is, these jobs require only an occasional change in the work setting during the work day, and only an occasional change in decision making required during

>     the work day); that require no work in close proximity
>     to others in order to avoid distraction; and that
>     permit at least three breaks during the work day, each
>     of which are at least 15 minutes in duration.

(Id. at 20-21.)  The ALJ further found that (5) the plaintiff "is unable to perform any past relevant work (20 CFR 416.965)", (6) the plaintiff's age qualified her as a "younger individual" under the applicable regulation, (7) the plaintiff "has at least a high school education and is able to communicate in English (20 CFR 416.964)", (8) the plaintiff's "past relevant work is unskilled (20 CFR 416.968)", rendering transferability of job skills immaterial in this case, (9) "Considering the [plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [plaintiff] can perform (20 CFR 416.960(c) and 416.966)", and (10) the plaintiff "has not been under a disability, as defined by the Social Security Act, since July 13, 2005, the date the application was filed (20 CFR 416.920(g))". (Id. at 25-26.)

   The ALJ concluded that the plaintiff was not entitled to SSI payments. (Id. at 26.)  The plaintiff requested review of the ALJ's decision by the Appeals Council on April 28, 2008. (Id. at 12.)  The Appeals Council denied the plaintiff's request for review on October 24, 2008. (Id. at 4.)  The plaintiff applied for review here on December 23, 2008. (Dkt. entry no. 1.)

3

The Court dismissed the Complaint for lack of prosecution pursuant to L.Civ.R. 9.1 on June 12, 2009.  (Dkt. entry no. 15, 6-12-09 Order & J.)  On July 23, 2009, the Court granted the plaintiff's motion to vacate that Order and Judgment, permitted the plaintiff to file a brief, and reopened the action.  (Dkt. entry no. 19, 7-23-09 Order; see dkt. entry no. 17, Pl. Br.)  The defendant filed its brief in opposition on August 3, 2009.  (Dkt. entry no. 20, Def. Br.)  The plaintiff has not filed a brief in reply.  Pursuant to the Court's July 23, 2009 Order, the plaintiff is deemed to have waived the opportunity to reply, and the matter is ripe for disposition.

## DISCUSSION

### I. Standard Of Review

The Court may review a "final decision of the Commissioner of Social Security" in a disability proceeding.  42 U.S.C. § 405(g).  The Court may affirm, modify, or reverse the Commissioner's decision with or without remanding the case for a rehearing.  Id.  However, this judicial review is limited.  The Court must affirm the Commissioner's decision regarding disability benefits if an examination of the record reveals that the findings of fact are supported by substantial evidence.  Id.; Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003).  "Substantial evidence" in the context of a social security matter is defined as less than a preponderance of the evidence but "more than a mere scintilla",

4

i.e., such evidence "as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation and citations omitted). This standard "is deferential and includes deference to inferences drawn from the facts if they, in turn, are supported by substantial evidence." Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999).

Despite the deference given to administrative decisions under this standard, the Court "retain[s] a responsibility to scrutinize the entire record and to reverse or remand if the . . . decision is not supported by substantial evidence." Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981). Furthermore,

> [a] single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence - particularly certain types of evidence (e.g., that offered by treating physicians) - or if it really constitutes not evidence but mere conclusion.

Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983). "That the record contains evidence which could have supported a different conclusion does not undermine" the Commissioner's decision provided that the record contains substantial evidence supporting that decision. Rivera v. Shalala, No. 94-2740, 1995 WL 495944, at *3 (D.N.J. July 26, 1995). The Commissioner is required, however, to address and reconcile medical evidence that would support a contrary conclusion. Schaudeck, 181 F.3d at 435.

**II.  Determining Eligibility For SSI Payments**

A claimant must be disabled in order to receive SSI payments.[1]  The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months".  42 U.S.C. § 1382c(a)(3)(A).  An individual is determined to be disabled if the individual's "physical or mental impairment or impairments are of such severity that [the individual] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy".  Id. at § 1382c(a)(3)(B).

An ALJ employs a five-step process in determining whether a person is "disabled".  See generally 20 C.F.R. § 416.920.  In the first step, the ALJ determines whether the claimant is currently engaged in "substantial gainful activity".  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is so engaged, then the ALJ will find that the claimant is not disabled and deny the application for disability benefits.  Id. at § 416.920(b).  If

---

[1] "The law and regulations governing the determination of disability are the same for both disability insurance benefits and [supplemental security income]." Blood v. Barnhart, 80 Fed.Appx. 773, 774 n.1 (3d Cir. 2003) (alteration in original) (quotation and citation omitted).

6

the claimant is not employed, then the ALJ will consider the medical severity and duration of the claimant's impairment or combination of impairments in the second step. Id. at § 416.920(a)(4)(ii). A "severe impairment" is one that significantly limits the claimant's physical or mental ability to do basic work activities, including, inter alia, (1) sitting, lifting, and speaking, (2) responding appropriately to supervision and co-workers, and (3) understanding, carrying out, and remembering instructions. Id. at §§ 416.921(a)-(b). A claimant not meeting this requirement is not disabled. Id. at § 416.920(c). Thus, the second step requires a threshold-level demonstration of severe impairment without consideration of the claimant's age, education, and work experience. Bowen v. Yuckert, 482 U.S. 137, 153 (1987).

If the claimant shows a severe impairment, the ALJ then moves to the third step to determine whether the impairment is listed in section 20, part 404, subpart P, appendix 1 of the CFR. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment meets or equals a listed impairment, then the claimant is presumed to be disabled, and the evaluation ends at this stage. Id. at § 416.920(d). If the impairment does not meet or equal a listed impairment, then the ALJ proceeds to step four. Id. at § 416.920(a)(4).

7

The ALJ must determine at step four whether the impairment prevents the claimant from returning to the work that the claimant performed in the past. Id. at § 416.920(a)(4)(iv). The claimant, if able to resume the previous work, will not be considered disabled. Id. at § 416.920(f). If the claimant cannot resume previous work, the ALJ then moves to step five and considers the claimant's ability to perform other work that is available in the national economy. Id. at §§ 416.920(a)(4)(v), 416.920(g). This inquiry requires the ALJ to consider the claimant's residual functional capacity, age, education, and past work experience. Id. A claimant will be found disabled if the claimant is unable to adjust to any other work in the national economy. Id.

The claimant has the initial burden of production for the first four steps of the evaluation process. Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999). Once a claimant meets this burden, the burden shifts to the Commissioner in step five to show that the claimant has the transferable skills that would allow him or her to engage in alternative substantial gainful employment. Id.

**III. Analysis of The Plaintiff's Claim**

The plaintiff argues that the ALJ's findings are not supported by substantial evidence. (Pl. Br. at 2.) Specifically, the plaintiff argues that the ALJ erred at steps

three, four, and five of the administrative decision because (1) her psychiatric condition "meets the requisites of Paragraph 12.04 of the Commissioner's listing of impairments contained at 20 CFR Appendix 1 Subpart P", (2) "the ALJ's mental RFC is not explained", (3) the ALJ's decision does not analyze the plaintiff's subjective complaints according to the Commissioner's required protocol, 20 C.F.R. § 404.1529, and (4) "the Commissioner did not sustain his burden at the fifth step of the sequential evaluation" for determining the existence of a disability. (Pl. Br. at 12, 22, 35, 38.)  The Commissioner argues that "the decision of the Commissioner that plaintiff was not disabled during the relevant time period is supported by substantial evidence and, therefore, must be affirmed." (Def. Br. at 9.)

In determining whether a claimant is entitled to SSI payments, the ALJ "must consider all evidence and give some reason for discounting the evidence [the ALJ] rejects." Plummer, 186 F.3d at 429.  The ALJ need not engage in a comprehensive analysis when explaining why probative evidence is being rejected. Cotter v. Harris, 650 F.2d 481, 482 (3d Cir. 1981). Rather, a short sentence or paragraph explaining the basis upon which the ALJ is rejecting evidence will suffice. Id.  The ALJ is not required to reference each and every treatment notation with particularity in the analysis, but must "consider and

evaluate the medical evidence in the record consistent with [the] responsibilities under the regulations and case law." Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001).  An ALJ "may choose whom to credit" when a conflict in the evidence exists, but may not "reject evidence for no reason or for the wrong reason." Plummer, 186 F.3d at 429 (quotation and citation omitted).  This policy allows the Court to properly review the ALJ's decision pursuant to Section 405(g) to determine whether the decision is supported by substantial evidence.  Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981), reh'g denied, 650 F.2d 481 (3d Cir. 1981).  The Court, without an indication as to what evidence the ALJ considered or rejected, "cannot tell if significant probative evidence was credited or simply ignored."  Id.  Although the ALJ is not required "to use particular language or adhere to a particular format in conducting his analysis", the ALJ's findings must provide "sufficient development of the record and explanation of findings to permit meaningful review."  Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004).

     The Court need not examine the ALJ's step one determination that the plaintiff has not engaged in work activity after her alleged disability onset date.  (See A.R. at 20.)  Further, the Court need not consider step two because the plaintiff does not challenge the ALJ's finding that the plaintiff has severe impairments as to her affective disorder, history of sarcoidosis, left knee pain, and substance abuse (in remission).  (See id.)

10

Because the Court finds that the ALJ erred at step three and will remand the matter for further proceedings, the Court does not address the ALJ's determination of steps four or five.  See 20 C.F.R. § 416.920(a)(4).

The plaintiff contends that the ALJ erred at step three of the sequential analysis when the ALJ failed to consider all of the plaintiff's mental health impairments in combination when comparing the plaintiff's impairments against the Commissioner's listings of impairments, and that her psychiatric condition meets the requisites of paragraph 12.04 of the listing of impairments contained at 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing 12.04").[2]  (Pl. Br. at 13.)  The plaintiff asserts that her

---

[2] Listing 12.04 reads:

Affective Disorders:  Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation. The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.

A.  Medically documented persistence, either continuous or intermittent, of one of the following:
    1.  Depressive syndrome characterized by at least four of the following:
        a.  Anhedonia or pervasive loss of interest in almost all activities; or
        b.  Appetite disturbance with change in weight; or
        c.  Sleep disturbance; or
        d.  Psychomotor agitation or retardation; or
        e.  Decreased energy; or
        f.  Feelings of guilt or worthlessness; or
        g.  Difficulty concentrating or thinking; or

Richard Hall Community Mental Health Center records, which comprise notes from her treating psychiatrists, indicate that the plaintiff experiences at least seven of the nine criteria establishing depressive syndrome listed in Paragraph (A)(1) of Listing 12.04.  (Id. at 17; see A.R. at 295-308, 489-518, 553-567.)  This assertion is consistent with the ALJ's brief statement that "the evidence regarding the claimant's mental impairment establishes that the claimant suffered from depression

---

        h.  Thoughts of suicide; or
        i.  Hallucinations, delusions, or paranoid thinking;
  . . .

B.  Resulting in at least two of the following:
    1.  Marked restriction of activities of daily living; or
    2.  Marked difficulties in maintaining social functioning; or
    3.  Marked difficulties in maintaining concentration, persistence, or pace; or
    4.  Repeated episodes of decompensation, each of extended duration;
  OR
C.  Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
    1.  Repeated episodes of decompensation, each of extended duration; or
    2.  A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
    3.  Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.04.

within the meaning of listing 12.04." (A.R. at 20.)  Plaintiff further contends that the ALJ's ruling must be reversed because the record shows that the plaintiff's depressive syndrome markedly restricts her activities of daily living and social functioning so as to meet the requirements of both 12.04(B) and 12.04(C).  (Pl. Br. at 18-21.)

The Court agrees with the plaintiff that the ALJ failed to provide sufficient explanation supported by substantial evidence in the record for her finding that the plaintiff's alleged impairments did not meet or equal criteria established for a listed impairment under Social Security regulations.  (See A.R. at 20-21.)  In step three of the sequential analysis, "the ALJ must determine whether the impairment is equivalent to one of a number of listed impairments the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled."  Pearson v. Barnhart, 380 F.Supp.2d 496, 504 (D.N.J. 2005) (quotations and citations omitted).  If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five, where the ALJ "must determine whether the claimant retains the ability to perform either his former work or some less demanding employment."  Id. (quotation and citation omitted).

The ALJ found here that the plaintiff's knee impairment did not comport with the requirements of Listing 1.02 for major dysfunction of a joint. (A.R. at 20.) The plaintiff does not contest this finding. (See id. at 682 (statement of plaintiff's counsel to the ALJ that the plaintiff's knee impairment "should be noted that it's there but beyond that, . . . the major problem is that the Claimant suffers from both a major depressive disorder and a bipolar disorder").)

The ALJ made the following findings that the plaintiff's alleged impairments did not meet or equal Listing 12.04 for affective disorders:

> Listing 12.04 for affective disorders is not met as the evidence does not establish the requisite restriction of activities of daily living, difficulties in maintaining social functioning or concentration, persistence or pace or repeated episodes of decompensation as required in B. The C criteria are not established by the evidence.
>
> According to the medical expert, Dr. Fechner, the claimant's medical impairments do not meet or equal a listing, either singly or in combination. I credit his opinion and find that she does not meet any of the mental impairment listings.

(A.R. at 20-21.) The ALJ's opinion did not discuss the plaintiff's bipolar disorder, which also falls under listing 12.04. See Listing 12.04(A)(3).

This Court "requires more than just a conclusory statement that a claimant does not meet the listings." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 119 (3d Cir. 2000). While the

14

ALJ is not required "to use particular language or adhere to a particular format in conducting his analysis", the ALJ's findings must provide "sufficient development of the record and explanation of findings to permit meaningful review." Jones, 364 F.3d at 505.

The ALJ referred only to the testimony of the medical expert, Dr. Fechner, to support the finding that the plaintiff's mental impairments did not meet or equal a listing, either singly or in combination. (A.R. at 21.) Dr. Fechner opined that the plaintiff may be addicted to prescription painkillers, which "is certainly almost always going to cause some difficulty in concentration and memory until one is free" of such addiction, but the medical expert's testimony was otherwise irrelevant to the remaining criteria contained in Paragraphs B and C of Listing 12.04. (A.R. at 707.) The ALJ neither referred to any other evidence in the record nor explained why Dr. Fechner's testimony was credited over the other available evidence pertaining to the plaintiff's affective disorder, such as the plaintiff's testimony and the notes and reports of her treating psychiatrists. When the plaintiff's attorney asked Dr. Fechner whether the plaintiff's testimony regarding her social isolation would be a finding typical of someone with a psychiatric impairment, which would be relevant to the second criterion of Paragraph B in Listing 12.04, the ALJ stated, "I think we're getting into

15

questions regarding, that would be better posed to a psychiatrist."  (A.R. at 715.)

The ALJ's conclusory statements that the plaintiff's impairments do not meet or equal any listing thus are insufficient to create an adequate basis for judicial review as to step three.  See Burnett, 220 F.3d at 119-22; Plummer, 186 F.3d at 429 ("The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects.").  The ALJ's ruling on step three did not reveal whether it was supported by substantial evidence, and so the Court will remand the matter for further proceedings, to include a discussion of whether the plaintiff's severe impairments identified in step two meet or equal the criteria in Listing 12.04.  See Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 549 (3d Cir. 2003) ("A district court, after reviewing the decision of the Commissioner may under 42 U.S.C. § 405(g) affirm, modify, or reverse the Commissioner's decision with or without a remand to the Commissioner for a rehearing.").

Because the ALJ's decision on remand may make consideration of steps four and five of the sequential evaluation unnecessary, the Court does not reach the plaintiff's other challenges to the ALJ's decision.  See, e.g., Vivaritas v. Comm'r of Soc. Sec., 264 Fed.Appx. 155, 157 (3d Cir. 2008).

**CONCLUSION**

The Court, finding that the Commissioner's decision was not supported by substantial evidence, will remand this matter to the Commissioner for further proceedings consistent with this Memorandum Opinion.  The Court will issue an appropriate order.

                                       s/ Mary L. Cooper
                                       **MARY L. COOPER**
                                       United States District Judge

Dated:    September 8, 2009